Case 4:19-cv-03423   Document 20   Filed on 08/19/20 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
August 19, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARNOLD GARZA,  *Plaintiff*, | § § § |
| v. | § CIVIL ACTION NO. 4:19-CV-3423 |
| THE UNITED STATES OF AMERICA,  *Defendant*. | § § § § |

## **MEMORANDUM AND RECOMMENDATION**

This Federal Tort Claims Act case is before the Court on the Unites States of America's Motion to Limit the Ad Damnum.[1] Dkt. 18. Plaintiff Arnold Garza did not file a timely response and the Court may deem it unopposed. *See* LOC. R. S. D. TEX. 7.3, 7.4.

Pursuant to 28 U.S.C. § 2675(a), a plaintiff may not sue the United States for personal injury unless he has exhausted his remedies before the agency allegedly at fault. *See Dickerson ex rel. Dickerson v. United States*, 280 F.3d 470, 475 (5th Cir. 2002) ("in order for jurisdiction to exist in this case, an administrative claim had to be filed pursuant to 28 U.S.C. § 2675"). In addition, a plaintiff may not seek damages in a suit against the United States "for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). The United States has submitted evidence establishing that the total sum certain Plaintiff claimed in his administrative claim filed with the U.S.

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Dkt. 46.

Department of Veterans Affairs is $102,033.50. *See* Dkt. 18-1. Plaintiff has neither presented new evidence nor alleged intervening facts relating to the amount of the claim.

The Court therefore RECOMMENDS that the Motion to Limits Ad Damnum (18) be GRANTED and Plaintiff's recoverable damages in this action be limited to $102,033.50 pursuant to 28 U.S.C. § 2675(b).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on August 19, 2020, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge